**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MICHAEL GOEDDE,<br>LAURA ANN GEHANT,<br>JEFFREY MICHAEL GOEDDE,<br>CHRISTINE CRANE *in her capacity as Personal Representative of the* ESTATE OF EDWARD JOHN GOEDDE,<br><br>Defendants. | ) | No. 4:26-CV-00595-NCC |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Appointment of a Guardian *ad Litem* and for Deposit Pursuant to Fed. R. Civ. P. 67 (Doc. 14). Plaintiff requests that, pursuant to Federal Rule of Civil Procedure 67, the Court order Plaintiff to deposit the disputed funds, together with applicable claim interest, if any, with the Court. *Id.* Plaintiff additionally requests that the Court appoint a guardian *ad litem* for Defendant Jeffrey Michael Goedde ("Defendant J. Goedde"), who was charged in state court with the murder of the Insured. *Id.* Defendant J. Goedde is presently under civil commitment after being found incompetent to stand trial for the alleged murder. *Id.* Plaintiff contends that orders of this Court may not be binding upon Defendant J. Goedde unless he is formally represented by a guardian *ad litem* in this action. *Id.* Lastly, Plaintiff requests that the fees for the guardian *ad litem*, if any, be paid out of the interpleaded funds. *Id.* For the reasons stated below, the Court will order Plaintiff to deposit the disputed funds, together with applicable claim interest, if any, with the Court. Additionally, the

Court will appoint a guardian *ad litem* for Defendant J. Goedde but will defer ruling on payment of fees to the guardian *ad litem* out of the interpleaded funds.

## A. BACKGROUND

Plaintiff issued individual life insurance Policy No. 31850949 ("Policy No. 949") on or about November 22, 1968, and individual life insurance Policy No. 48731098 ("Policy No. 098") on or about February 4, 1980 (Doc. 1 at 3). On or about November 10, 1999, the Insured designated his children Defendant Brian Michael Goedde ("Defendant B. Goedde"), Defendant Laura Ann Gehant ("Defendant Gehant"), and Defendant J. Goedde as primary beneficiaries of the policies. *Id.* Plaintiff was informed of the Insured's death on December 18, 2024. *Id.* Following the death of the Insured, the following benefits became due under the Policies: under Policy No. 949, a basic life benefit of $25,630.68 and an accidental death benefit of $5,000 for a total of $30,630.68, and under Policy No. 098, a basic life benefit of $8,916.56. *Id.* The total death benefit due under the Policies, therefore, was $39,547.24 ("Total Death Benefit"). *Id.* Defendant B. Goedde and Defendant Gehant were each paid a 1/3 share of the Total Death Benefit. *Id.* The remaining 1/3 of the Total Death Benefit, representing $10,210.23 under Policy No. 949 and $2,972.19 under Policy No. 098, equals a total of $13,182.42 ("Disputed Death Benefit") and is the subject of this interpleader action. *Id.* at 4. Plaintiff asserts that Defendant J. Goedde may be prohibited from receiving the Disputed Death Benefit pursuant to Mo. Rev. Stat. § 461.054.[1] *Id.* If Defendant J. Goedde is disqualified from receiving the Disputed Death

---

[1] The relevant law statutes, in part:

> A beneficiary who willfully and unlawfully causes or participates with another in causing the death of the owner, or the insured individual under a life insurance policy or certificate, is disqualified from receiving any benefit of a nonprobate transfer from the owner or any proceeds payable as a result of the death of an individual insured under a life insurance policy or certificate.

Benefit by operation of the relevant statute, the $2,972.19 remaining death benefit due under Policy No. 098 would be payable to Defendant B. Goedde and Defendant Gehant in equal shares and the $10,210.23 remaining death benefit due under Policy No. 949 would be payable to the estate of the Insured. *Id*. at 5.

**B. PROCEDURAL HISTORY**

Plaintiff filed an interpleader claim against Defendant B. Goedde, Defendant Gehant, Defendant J. Goedde, and Christine Crane ("Defendant Crane"), in her capacity as Personal Representative of the Estate of Edward John Goedde, on April 22, 2026 (Doc. 1). Defendant B. Goedde signed a waiver of service on June 15, 2026, with his answer due August 14, 2026 (Doc. 6). Defendant Crane signed a waiver of service on July 9, 2026, with her answer due September 8, 2026 (Doc. 7). On August 18, 2026, the Court entered a Show Cause Order for lack of timely service on Defendant Gehant and Defendant J. Goedde (Doc. 8). Plaintiff responded to the Show Cause Order on August 23, 2026, and provided documentation of a waiver of service signed by Defendant Gehant on July 8, 2026, with her answer due August 14, 2026, and documentation of service on Defendant J. Goedde on July 27, 2027, with his answer due August 17, 2026 (Doc. 11).

On August 26, 2026, the Court entered a Show Cause Order for lack of appearance or answer from Defendant B. Goedde, Defendant Gehant, and Defendant J. Goedde (Doc. 12). On September 2, 2026, Defendant B. Goedde and Defendant Gehant, appearing pro se, filed a Joint Answer (Doc. 13). On September 9, 2026, Plaintiff filed a Motion to Appoint Guardian *ad Litem* and for Deposit Pursuant to Fed. R. Civ. P. 67 (Doc. 14). As of the date of this Order, neither

---

Mo. Rev. Stat. § 461.054.

Defendant Crane[2] or Defendant J. Goedde have entered an appearance, answered, or consented to the jurisdiction of the undersigned as required under 28 U.S.C. § 636(c).

## C. DICUSSION

"Interpleader is a procedural device that allows a party holding money or property, concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund," freeing the stakeholder "from the threat of multiple liability." *Acuity v. Rex*, LLC, 296 F. Supp. 3d 1105, 1107 (E.D. Mo. Oct. 30, 2017) (citing *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976)). "A party may bring a claim as a statutory interpleader, governed by 28 U.S.C. § 1335, or as a rule interpleader under Federal Rule of Civil Procedure 22." *Lockheed Martin Corp. Salaried Sav. Plan v. Hicks-Hayne*, No. 1:23-CV-1105, 2024 WL 2031690, at *1 (W.D. Ark. May 7, 2024). Here, Plaintiff brings a statutory interpleader claim governed by 28 U.S.C. § 1335 (Doc. 1 at 2). Plaintiff's complaint alleges facts sufficient to show original jurisdiction pursuant to 28 U.S.C. § 1335, as there exists (1) adverse claims to money or property worth $500 more, and (2) minimal diversity, as there is diversity of citizenship between two or more claimants added to this action in good faith as potential claimants to the insurance proceeds.[3] *Gerber Life Ins. Co. v. Yates*, No. 4:19-CV-40 CAS, 2019 WL 5394477, at *2 (E.D. Mo. Oct. 22, 2019).

### a. The Court will order Plaintiff to deposit the Disputed Death Benefit, plus applicable claim interest, if any, into the Court's registry.

Plaintiff requests that the Court issue an Order allowing Plaintiff to deposit the Disputed Death Benefit, plus applicable claim interest, if any, into the Court's registry, pursuant to Rule

---

[2] The Court entered a Show Cause Order related to Defendant Crane's lack of appearance or answer on November 5, 2026 (Doc. 18).

[3] Defendant B. Goedde, Defendant J. Goedde, and Defendant Crane are citizens of Missouri (Doc. 1). Defendant Gehant is a citizen of Colorado. *Id.*

67(a) (Doc. 14 at 5-6). Federal Rule of Civil Procedure 67 governs Plaintiff's request to deposit funds into the registry of the Court. *Gerber Life Ins. Co. v. Yates*, at *2. The Rule provides, in relevant part:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a).[4] Here, Plaintiff seeks to have this Court "determine the disposition of a sum of money" (Doc. 14 at 8). The Court finds that Plaintiff is a neutral stakeholder and, for good cause shown, grants Plaintiff's motion to deposit the Disputed Death Benefit, plus applicable claim interest, if any, into the Court's registry.

**b. The Court will appoint a guardian *ad litem* for Defendant J. Goedde.**

Plaintiff additionally moves the Court to appoint a guardian *ad litem* for Defendant J. Goedde, citing in support Federal Rule of Civil Procedure 17(c). *Id.* at 4. Pursuant to Rule 17(c)(1), a general guardian, a committee, a conservator, or a like fiduciary may sue or defend on behalf of a minor or an incompetent person. Fed. R. Civ. P. 17(c)(1). The Rule continues:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).

"Courts vest complete control in guardians to direct, manage and control litigation subject to judicial oversight that works as a further safeguard to protect the [ward] and makes sure any compromise is fair to the [ward] and in his or her best interest." *Estate of Escobedo v. City of Redwood City*, No. 03–03204, 2006 WL 571354, at *9 (N.D. Cal. Mar. 2, 2006). "As an

[4] Local Rule 13.04 offers additional guidance on deposit of funds with this Court. E.D. Mo. L.R. 13.04.

officer of the court, the guardian ad litem has full responsibility to assist the court to 'secure a just, speedy and inexpensive determination' of the action.'" *Noe v. True*, 507 F.2d 9, 11 (6th Cir. 1974) (citing *Fong Sik Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955, concurring opinion)). A guardian *ad litem* may, in their discretion, consent to the jurisdiction of a magistrate judge on behalf of an incompetent party. *See Araoz v. United States*, No. CV 06-2149(FSH), 2008 WL 11449314 (D.N.J. Mar. 24, 2008), *aff'd*, 337 F. App'x 207 (3d Cir. 2009) (finding that the parties consented to the jurisdiction of a magistrate judge where the plaintiff was an infant minor represented by a guardian *ad litem*); *see also E.D. v. Cnty. of Contra Costa*, No. 20-CV-03014-SK (JSW), 2022 WL 1015992, at *2 (N.D. Cal. Apr. 5, 2022) ("Thus, Plaintiff, through guardian ad litem Barraza, expressly consented to magistrate jurisdiction on at least three occasions.").

Plaintiff argues that Defendant J. Goedde's incompetence requires the Court to appoint him a guardian *ad litem*. The Court first considers the question of this defendant's competence. *See* 6A Wright & Miller's Federal Practice & Procedure § 1570 (3d ed. database updated 2026) ("When the disability of a party is suggested by counsel … the court must take proper steps to determine the question, and if the party is found to be an infant or incompetent, or has been adjudged so by a state court, and is not represented by a guardian, the federal court either must appoint a guardian ad litem or take other measures to ensure that the party's interests are protected."). "Under Rule 17(c), a district court must appoint a guardian *ad litem* if it receives "verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent."' *Jones v. Missouri Dep't of Mental Health*, No. 1:24-CV-00229 JSD, 2025 WL 212317, at *2 (E.D. Mo. Jan. 16, 2025) (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). Here, the Court finds such evidence. On March 12, 2026, a

Missouri state court entered an order of commitment for Defendant J. Goedde after adopting a physician's findings that he was incompetent to stand trial[5] for the murder of the Insured (Doc. 15-1). The Court takes judicial notice of the state court proceedings in *State v. Jeffrey M. Goedde*, 24SL-CR08478-01, as verifiable evidence of Defendant's incompetence. *See Jones v. Missouri Metro. Psychiatric Ctr.*, No. 4:25-CV-00215 JMB, 2025 WL 622871, at *2 (E.D. Mo. Feb. 26, 2025) (taking judicial notice of state court proceedings showing verifiable evidence, including results from a Missouri Department of Health examination, that a plaintiff required a guardian because he was not competent to proceed with trial and unable to provide for his essential needs or protect his property).

In addition to recognizing Defendant J. Goedde as incompetent, the Court finds that Defendant J. Goedde has an interest in the outcome of this matter and is otherwise not represented. *See Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) ("The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit."). The Court therefore deems it necessary to grant Plaintiff's motion to appoint a guardian *ad litem* for Defendant J. Goedde. *See Metro. Life Ins. Co. v. McCloskey*, No. 1:03 CV 1523, 2005 WL 3877436, at *1 (N.D. Ohio Dec. 23, 2005) (where a defendant in an interpleader action was represented by a guardian *ad litem* following the court's determination that the defendant had a stake in the matter, was otherwise not represented, and had impaired competence). The Court will endeavor to appoint a pro bono guardian *ad litem*, and any such appointment will be made by separate order. *See e.g. New York Life Ins. Co. v. Galicia*, No. 20CV3005NGGRML, 2021 WL 346236, at *5 (E.D.N.Y. Feb. 2, 2021); *see also Prudential Ins. Co. of Am. v. Wells*, No.

[5] Under Missouri law, "[a]n accused is competent to stand trial if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him."' *State v. Wallace*, 399 S.W.3d 921 (Mo. Ct. App. 2013) (quoting *State v. Elam*, 89 S.W.3d 517, 521 (Mo. App. W.D. 2002)).

CV425-059, 2025 WL 3906647, at *1 (S.D. Ga. Dec. 31, 2025) (where the court granted The Prudential Insurance Company of America's request to appoint a guardian *ad litem* for minors and confirmed that an individual was willing to accept appointment as guardian *ad litem* on a pro bono basis).

**c. The Court will not presently order payment of the guardian *ad litem* out of the Disputed Death Benefit funds deposited with the Court.**

Lastly, Plaintiff requests that the fees for the guardian *ad litem*, if any, be paid out of the Disputed Death Benefit (Doc. 14 at 5). A guardian *ad litem* may be entitled to recover fees for their services. *M.F.A. Mut. Ins. Co. v. Mullin*, 156 F. Supp. 445, 462 (W.D. Ark. 1957). Further, this Court has granted a guardian *ad litem*'s motion for attorney's fees and ordered disbursement form interpleaded funds in the Court's registry. *E.R. v. Minnesota Life Ins. Co.*, No. 2:18 CV 31 CDP, 2019 WL 1532895, at *1 (E.D. Mo. Apr. 9, 2019). However, this Court has done so only after reviewing the motion and finding "the time expended to be reasonable and the hourly rates appropriate." *Id.* Plaintiff's request is premature. No guardian *ad litem* has yet been appointed and, consequently, no billing records have been submitted for the Court's review. Further, as mentioned above, the Court will seek to appoint a pro bono guardian *ad litem*. As such, the Court will defer ruling on payment of the guardian *ad litem* out of the interpleaded funds deposited with the Court.

## D. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Guardian *ad litem* and for Deposit Pursuant to Fed. R. Civ. P. 67 is **GRANTED.**

**IT IS FURTHER ORDERED** that, within **<u>twenty-one (21) days</u>** of the date of this Memorandum and Order, Plaintiff shall deposit into the registry of the Court the amount of

$13,182.42, plus all applicable accrued interest (the "Interpleader Funds"), representing the remaining amount of life insurance proceeds payable pursuant to life insurance Policy No. 949 and life insurance Policy No. 098, that insured the life of Edward John Goedde.

**IT IS FURTHER ORDERED** that the Clerk of Court shall receive and deposit the Interpleader Funds in a money market account or other instrument at the prevailing rate of interest at a federal approved financial institution. The initial investment is subject to the collateral provisions of Treasury Circular 176.

**IT IS FURTHER ORDERED** that the Clerk of Court shall deduct the administrative registry fee, set by the Director of the Administrative Office of the U.S. Courts at ten percent of the interest earned or as indicated based on the amount and time of deposit into the Court, without further order of the Court. Said fee is authorized by the Judicial Conference of the United States.

**IT IS FURTHER ORDERED** that the Court will appoint a guardian *ad litem* for Defendant J. Goedde by separate order.

Dated this 6th day of November, 2026.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE